IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ING BANK,<br><br>    Plaintiff,<br><br>  v.<br><br>CHANGSEOB AHN & SOOKHEE AHN,<br><br>    Defendants. | NO. C 09-995 TEH<br><br>ORDER DENYING COUNTERDEFENDANTS' MOTION TO DISMISS |

This matter came before the Court on July 13, 2009, on the Motion to Dismiss or Strike of Counterdefendant ING Bank. Having carefully considered the parties' written and oral arguments, Counterdefendant's Motion is DENIED for the reasons set forth below.

In April 2007, Defendants Changseob and Sookhee Ahn borrowed a refinance mortgage from ING Bank for $728,000, having negotiated the agreement in Korean through mortgage broker Bona Financial Group. Compl. at ¶¶ 7, 11, Counterclaim at ¶ 1. ING alleges that the Ahns submitted a fraudulent loan application, while the Ahns allege in their counterclaim that they were defrauded by their broker's falsification of their application. Compl. at ¶ 10, Counterclaim at ¶ 11. The Ahns also allege that, as they negotiated the contract in Korean, they were entitled under California law to receive the contract in Korean. Counterclaim at ¶ 1. Both parties allege a number of other facts and accusations, none of which are relevant to the instant motion.

ING Bank brought suit against Defendants, asserting claims for breach of contract, fraud in the inducement, judicial foreclosure, and declaratory relief. Defendants counterclaimed against ING Bank and the Bona Financial Group, bringing claims for violation of California Civil Code § 1632, Violation of California's Unfair Competition Law, and for fraud. ING Bank filed a motion to dismiss or strike the Ahns' counterclaim, arguing that as the Ahns did not plead their ability to tender, their counterclaim is subject to dismissal.

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's pleading fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint's allegations, a court must assume the facts alleged in the complaint to be true, construing all facts in the light most favorable to the plaintiff, unless the allegations are controverted by exhibits attached to the complaint, matters subject to judicial notice, or documents necessarily relied on by the complaint and whose authenticity no party questions. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). A court should not grant dismissal unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

ING argues that dismissal is appropriate because tender, or an allegation of the ability to tender, is a requirement for seeking rescission as a remedy. In so claiming they rely on a line of federal caselaw rooted in a Ninth Circuit TILA rescission case in which the court held that the trial court has discretion to reorder the sequence of rescission events to assure performance, including by dismissing a case, where it was clear that the plaintiff lacked the ability to effectuate rescission. *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003); *see also ING Bank v. Korn*, C 09-124Z, 2009 WL 1455488, at *1 (W.D. Wash. May 22, 2009) (granting defendant's motion to dismiss TILA rescission claim in reliance on citation to the *Yamamoto* discussion of judicial discretion to condition rescission on tender); *Boles v. Merscorp, Inc.*, No. CV 08-1989, 2009 WL 650631, at *1 (C.D. Cal. Mar. 11, 2009) (denying plaintiff's motion for reconsideration of its prior order denying a

2

temporary restraining order to plaintiff because, in the absence of a demonstrated ability to tender, plaintiff had not demonstrated a likelihood of success on the merits of its TILA claim); *Garza v. American Home Mortg.*, CV 08-1477, 2009 WL 188604, at *5 (E.D. Cal. Jan. 27, 2009) (observing that *Yamamoto* held that a court may require borrowers to prove the ability to repay a loan to plead rescission, and granting defendant's motion to dismiss TILA rescission claim in light of complaint's failure to allege ability to tender, since "[r]escission is an empty remedy without [plaintiff]'s ability to pay back what she has received."); *Alcaraz v. Wachovia Mortg., FSB*, No. CV 08-1640, 2009 WL 160308, at *4 (E.D. Cal. Jan. 21, 2009) (refusing to dismiss plaintiff's rescission claims under TILA even though the complaint failed to allege the ability to tender because the court was troubled by the assertion of a factual issue to defeat plaintiff's rescission claim); *American Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007) (affirming grant of summary judgment in favor of defendant on plaintiffs' TILA claims because "[o]nce the trial judge . . . determined that [plaintiffs] were unable to tender the loan proceeds, the remedy of unconditional rescission was inappropriate. . . . The trial court properly exercised its discretion in denying rescission.").

Yet *Yamamoto* did not hold that a district court must, as a matter of law, dismiss a case if the ability to tender is not pleaded. Rather, all of these cases indicate that it is within the trial court's discretion to choose to dismiss where the court concludes that the party seeking rescission is incapable of performance. Although *Korn* and *Garza* are examples of the district court exercising that discretion, none of these cases holds that dismissal is obligatory. *Alcaraz*, in fact, stands for the proposition that the district court would not use a factual dispute about the ability to tender as the basis for dismissal. *Boles* and *Shelton* both are procedurally distinct from the current matter, which is before the Court on a motion to dismiss, and not for reconsideration of a temporary restraining order or a motion for summary judgment. Furthermore, these cases are inapposite to the present matter. This line of federal cases is about rescission under TILA, and ING offers no rationale by which TILA cases should control how this Court interprets California law, except that rescission is the

3

general topic. Even if these cases were controlling, they would not require the Court to dismiss on the instant facts.

ING also offers a state law case regarding rescission, yet it too is not directly applicable to this matter. In *Karlsen v. American Savings & Loan Ass'n.*, 15 Cal. App. 3d 112, 118 (1971), the California Court of Appeal affirmed the trial court's entry of judgment on the pleadings in an action to cancel a voidable sale under a deed of trust, having concluded that the plaintiff's pleadings, admissions, and answers to interrogatories had demonstrated that the only offer of tender made relied on the actions of other parties, and not the plaintiff's own ability to pay. Yet here on a motion to dismiss, Plaintiffs need not show a likelihood of success on the merits; they only must plead a plausible set of facts based on the Court making all inferences in their favor.

To the extent that ING suggests that dismissal is clearly warranted under the statutes in question, the Court does not find the statutes to be susceptible to a reading that requires dismissal at the pleadings stage if there is a question regarding the Plaintiffs' ability to effectuate tender. Although the statute does require "[r]estor[ation] to the other party everything of value which he has received from him under the contract or offer to restore the same," this text does not indicate that a claim should be dismissed at the pleadings stage for failure to demonstrate the ability to accomplish that restoration immediately. *See* Cal. Civ. Code § 1691. Insofar as § 1691 is to be read "[s]ubject to Section 1693," *see id.*, Section 1693 permits the court to "make a tender of restoration a condition of its judgment." While the Ahns will clearly need to demonstrate their ability to fully effectuate a rescission for the Court to enter an order of rescission, ING has offered no authority that requires this Court to dismiss the matter for failure to demonstrate the ability to tender at this early stage of litigation. On a motion to dismiss, the Court is limited to the facts alleged in the complaint, and must construe the facts in favor of the nonmoving party. Although the Court is not convinced that the Ahns can accomplish a rescission, or even that the remedy they seek is legally appropriate, on a motion to dismiss, these are not the questions the Court must answer. In the absence of law requiring dismissal of the Ahns' countercomplaint, dismissal

4

is inappropriate. Accordingly, ING's Motion to Dismiss is DENIED. Insofar as the Court reached this conclusion without consideration of the factual claims that ING seeks to strike from the Ahns' opposition brief, those facts are irrelevant, and the Court need not reach ING's Motion to Strike.

**IT IS SO ORDERED.**

Dated: July 13, 2009

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT