David H.S. Commins (CSBN 124205)
Kit L. Knudsen (CSBN 154714)
COMMINS & KNUDSEN, P.C.
400 Montgomery Street, Suite 200
San Francisco, CA 94104
Tel (415) 391-6490
Fax (415) 391-6493
david@commins.com
kit@commins.com

Attorneys for Defendants
and Counterclaimants
Changseob Ahn and Sookhee Ahn

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ING BANK, fsb, <br><br>　　　　Plaintiff, <br><br>　　vs. <br><br>CHANG SEOB AHN, an individual; and SOOK HEE AHN, an individual, <br><br>　　　　Defendants. <br>_____/ <br>CHANGSEOB AHN and SOOKHEE AHN, <br><br>　　　　Counterclaimants, <br><br>　　vs. <br><br>ING BANK, fsb, and BONA FINANCIAL GROUP, Inc., <br><br>　　　　Counterdefendants. <br>_____/ | No. CV 09-995 <br><br>**STIPULATION AND [PROPOSED] ORDER RE TREATMENT OF CONFIDENTIAL INFORMATION** |

In order to protect the confidentiality of certain confidential information obtained by the parties in connection with the above-captioned case, the parties hereby agree as follows:

Part One: Use Of Confidential Materials In Discovery

1. As used herein, "confidential information," is any information (regardless of how generated, stored, or maintained) or tangible thing of any party or non-party containing confidential, business, financial, proprietary, trade secret, or commercial data of any type, kind, or character, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. In designating information as "Confidential" a party will make such a designation only as to that information that it believes, in good faith, contains confidential information. Information that is designated as "Confidential" shall mean: any information, however kept or stored, that is lawfully entitled to confidential treatment under existing federal law, and which is designated as such by the designating party(ies).

2. A party or non-party may designate any document it believes, in good faith, to be "Confidential" by writing or stamping "CONFIDENTIAL" on any such document prior to the production of the document, or as soon thereafter as the party becomes aware of the nature of the information or material discovered and sought. Such designation shall be placed on the document so as not to obscure any portion of its contents. Any confidential information disclosed during a deposition may be designated as "Confidential" by requesting such a designation on the record at the deposition and requesting the preparation of a separate transcript of such material. Any confidential information disclosed in response to written discovery may be designated as "Confidential" by so indicating in said response. In addition, a party or non-party may designate in writing to all parties, within twenty (20) days after receipt of any discovery responses or deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific discovery responses be treated and marked as "Confidential." Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in Paragraph 9 herein. After any designation made according to the procedure set forth in this paragraph, the designated documents or information

- 1 -

shall be treated according to the "Confidential" designation until the matter is resolved according to the procedures described in Paragraph 9 herein. Counsel for each party shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All information that is designated as "Confidential" produced or exchanged in the course of this case shall only be used by the party to whom that information is produced for the purpose of this case.

4. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, information designated as "Confidential" information shall not be disclosed to any person other than:

    a. Counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    b. Employees of such counsel;

    c. Individual parties or officers or employees of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

    d. Consultants or expert witnesses employed or retained in connection with this case, provided that each such person shall execute a copy of the Nondisclosure Agreement attached to this Protective Order as Exhibit A (which shall be retained by counsel for the party so disclosing the "Confidential" information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any "Confidential" information;

    e. Any authors or original recipients of the information;

    f. The Court, Court personnel, and court reporters, consistent with the requirements set forth in Paragraph 10 and Paragraphs 17-20 herein;

    g. Witnesses (other than persons described in Paragraph 4(e)). A witness shall sign the Certification before being shown information designated as

"Confidential." Information designated as "Confidential" may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the "Confidential" information is represented or has been given notice that information designated as "Confidential" produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the information designated as "Confidential" shall itself be designated "Confidential" pursuant to Paragraph 2 herein. Witnesses shown information designated as "Confidential" shall not be allowed to retain copies; or

  h. Reinsurers and insurers of the parties.

  5. No disclosure of information designated as "Confidential" is permitted under this Protective Order by any party to any qualified person identified in Paragraphs 4(c), (d), (g), or (h) herein, unless the recipient first receives a copy of this Protective Order and executes a copy of the Nondisclosure Agreement attached to this Protective Order as Exhibit A. Each party's outside counsel shall maintain, and make available upon request by opposing counsel, copies of all executed Nondisclosure Agreements obtained pursuant to this Protective Order.

  6. Any person receiving information designated as "Confidential" shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

  7. In connection with discovery proceedings where a party submits information designated as "Confidential" including any reproduction, paraphrasing, summary or other disclosure of the contents of materials that any party or non-party has designated as "Confidential" the party wishing to lodge or file such information designated as "Confidential" with the Court shall provide the filing clerk with a copy of this Protective Order, and all documents and Court chamber copies containing information designated as "Confidential" that are submitted to the Court shall be filed or lodged with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the document shall be attached. If information designated as "Confidential" is included in the first page attached to the outside of the envelopes, it shall be redacted from the outside copy. The

word "CONFIDENTIAL" shall be written on the envelope and a statement substantially in the following form shall also be printed on the envelope:

"This envelope, sealed pursuant to Order of the Court, contains Confidential Information and shall neither be opened nor its contents revealed except by Order of the Court or agreement by the parties."

8. A party may designate as "Confidential" documents or discovery materials produced by a party or non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as "Confidential" information, although a document may lose its confidential status if it is made public.

9. If a party contends that any material is not entitled to confidential treatment, such party may, within thirty (30) days of the designation, give written notice to the party or non-party that designated the material, specifying which information or documents or class of information should not be designated "Confidential." Upon receipt of such notice, the parties (through their counsel) shall make good faith and reasonable efforts to informally resolve any dispute regarding designations. If the challenge has not been resolved to the satisfaction of the party challenging the designation within thirty (30) days of sending written notice, then the party challenging the designation may, within sixty (60) days of sending such notice, bring a motion seeking relief from the Court. On any motion for such relief, the party making the designation shall have the burden of showing that the information so designated is "Confidential" within the meaning of this Protective Order and that the designated "Confidential" information is entitled to protection. If a motion seeking relief from a designation is not brought within the time period specified herein, all future challenges to the designation are waived. The party who prevails on such a motion shall be entitled to the recovery of its reasonable attorneys' fees and costs incurred in connection with such motion, at the discretion of the court for good cause shown. Nothing herein abrogates the parties' ability to extend, by mutual agreement, the time frame within which a motion described above shall be brought.

- 4 -
STIPULATION AND [PROPOSED] ORDER RE TREATMENT OF CONFIDENTIAL INFORMATION
Case No.: CV 09-995

10. Notwithstanding any challenge to the designation of material as "Confidential," all documents designated as "Confidential" shall be treated as "Confidential" and shall be subject to the provisions hereof unless and until one of the following occurs:

    a. The party or non-party claiming that the material is properly designated as "Confidential" withdraws such designation in writing;

    b. The party or non-party claiming that the material is properly designated as "Confidential" fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    c. The Court rules the material is not properly designated as "Confidential" information.

11. All provisions of this Protective Order restricting the communication or use of information designated as "Confidential" shall continue to be binding after the conclusion of this case, unless otherwise agreed or ordered.

12. Upon conclusion of this case, a party in possession of information designated as "Confidential", other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either: (a) return such documents no later than thirty (30) days after conclusion of this case to counsel for the party or non-party that provided such information; or (b) upon written consent of the party that provided the information, destroy such documents and certify in writing that the documents have been destroyed no later than thirty (30) days after conclusion of this case.

13. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief with respect to any inadvertent disclosure of material protected by privilege, work product, or any other asserted protection. Any witness or any other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

Part Two: Use of Confidential Materials in Court

14. The following provisions govern the treatment of information designated as "Confidential" used at trial or submitted regarding adjudication of matters other than discovery motions or proceedings. These provisions are subject to Rule 26(c) of the Federal Rules of Civil Procedure, and must be construed in light of those Rules.

15. A party that files with the Court, or seeks to use at trial, materials designated as "Confidential," including any reproduction, paraphrasing, summary, or other disclosure of the contents of materials that any party or non-party has designated as "Confidential," and that seeks to have the record containing such information sealed, shall submit to the Court a motion or application to seal, pursuant to the procedures set out under Rule 26(c) of the Federal Rules of Civil Procedure.

16. A party that files with the Court, or seeks to use at trial, materials designated as "Confidential" information by anyone other than itself, and that does not seek to have the record containing such information sealed, shall comply with either of the following requirements:

    a. At least ten (10) business days prior to the filing or use of the information designated as "Confidential" the submitting party shall give notice to all other parties, and any non-party that designated the materials as "Confidential" pursuant to this Protective Order, of the submitting party's intention to file or use the information designated as "Confidential," including specific identification of the specific information designated as "Confidential." Any affected party or non-party may then file a motion or application to seal, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; or

    b. At the time of filing or desiring to use the information designated as "Confidential," the submitting party shall submit the materials pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure. Any affected party or non-party may then file a motion to seal, pursuant to the Federal Rules of Civil Procedure and any applicable rule under the Northern District of California

|   |   |
|---|---|
| 1 | Local Rules, within ten (10) business days after such lodging. Documents lodged |
| 2 | shall bear a legend stating that such materials shall be unsealed upon the |
| 3 | expiration of ten (10) business days, absent the filing of a motion to seal or Court |
| 4 | order. |
| 5 | 17. In connection with a request to have materials sealed pursuant to |

Paragraph 18 or Paragraph 19 herein, the moving party's declaration shall contain sufficient particularity with respect to the particular the information designated as "Confidential" and the basis for sealing to enable the Court to make the findings without the need to review each item of information designated as "Confidential."

Part Three: General Provisions

18. Any party or person identified in Paragraph 4 herein having possession, custody, control, or knowledge of any information designated as "Confidential" pursuant to this Protective Order who receives a subpoena, other process, or order to produce or disclose such "Confidential" designated information in response shall provide counsel for the party or non-party that designated the "Confidential" information with written notification thereof (such notice shall include a copy of the subpoena or other process or order) within two (2) business days of receipt of such a subpoena, process or order, to enable that party or non-party to take whatever action it deems appropriate. After the party asserting confidentiality has reviewed the subpoena, process, or order, and has had a full opportunity to protect its interests in maintaining the confidentiality of the information, the party receiving the subpoena, process, or order shall be entitled to comply with it by the last date specified in the subpoena, process, or order for production of the information, except to the extent that the party asserting confidentiality is successful in obtaining an order quashing or modifying the subpoena, process, or order.

19. Neither the taking of any action in accordance with the provision of this Protective Order, nor any failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Moreover, the failure to designate information in accordance with this Protective Order and the failure to object to a designation at a given time shall not preclude a designation at a later date or the filing of a motion at a later date seeking to challenge such later

- 7 -

designation. The entry of this Protective Order shall neither be construed as a waiver of any right to object to furnishing of information in response to discovery nor relieve any party of the obligation of producing information in the course of discovery.

20. In the event that a party inadvertently produces information designated as "Confidential" without designating it as such, the receiving party must, as soon as it becomes aware of the inadvertent production, treat the information as if it had been timely designated under this Protective Order, and the receiving party must endeavor, in good faith, to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information, as well as any copies made by such persons.

21. If a party inadvertently produces a document that is a privileged document, the production of that document shall not be deemed to constitute a waiver of any applicable privilege. In such circumstances, the producing party shall immediately notify the receiving party of the inadvertent production, and within five (5) business days after receiving such notification, the receiving party shall, as requested by the producing party, return or provide evidence of destruction of all such materials, including copies or any summary thereof. Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel the production of the material for reasons other than inadvertent production.

22. All parties and other persons who receive information designated as "Confidential" shall be under a continuing duty not to disclose such information obtained in the course of this litigation. This duty shall continue in full force and effect after the completion of this litigation, and the Court shall retain jurisdiction to resolve any dispute concerning the use of such information.

23. This Protective Order sets forth the entire agreement and understanding between the parties hereto with respect to protective order agreements and supersedes any prior or contemporaneous agreements between the parties. This Protective Order shall apply to all discovery in this case, including discovery from any third-parties.

24. This Protective Order may be supplemented and/or amended by the parties hereto only in a writing signed by the parties hereto, or upon the Court's own motion.

25. The Court retains jurisdiction to modify this Protective Order and to make further orders with respect to the custody, control, and use of information designated as "Confidential" pursuant to this Protective Order, including orders as to the ultimate disposition of said information designated as "Confidential."

26. The parties agree to abide by the terms of this Protective Order until it is signed and entered by the Court

Dated: Aug 19, 2009

TUCKER ELLIS & WEST

By: *[signature]*
Lawrence Callahan
Attorneys for Plaintiff ING Bank, fsb
(Case Number CV 09-995 TEH)

Dated: 8/19, 2009

COMMINS & KNUDSEN
Professional Corporation

By: *[signature]*
Kit Knudsen
Attorneys for Defendants
and Counterclaimants
Changseob and Sookhee Ahn

Dated: 08/20/09

IT IS SO ORDERED.

By: *[signature]*
Judge Thelton E. Henderson
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EXHIBIT A

NONDISCLOSURE AGREEMENT

I, _____, state and represent as follows:

I have read the Stipulation and Protective Order ("Protective Order") filed in this Civil Action. I understand the Protective Order and agree to be bound by it. I hereby submit to the jurisdiction of the court for the purposes of enforcement of the protective order to this action, and agree as follows:

1. All documents, information, material, or tangible things designated as "Confidential" information disclosed to the undersigned pursuant to the Protective Order shall be used only in connection with this Civil Action and any related actions, and shall not be used for any other purpose.

2. Information designated as "Confidential" shall be disclosed to and discussed only with the individuals set forth in the Protective Order, and only pursuant to the terms thereof. Information designated as "Confidential" information acquired or extracted from same will not be divulged or made accessible to any person, governmental agency, or other entity whatsoever, except in compliance with the Protective Order and this Nondisclosure Agreement.

3. I agree to take all appropriate and reasonable precautions to avoid loss or inadvertent disclosure of information designated as "Confidential."

4. I further agree that upon the earlier of either: (1) termination of this litigation and/or any related actions; or (2) termination of my employment by any Party, I shall return any information designated as "Confidential" that may be in my possession or control (including all abstracts, summaries, descriptions, lists, synopses, or other writings reflecting or revealing such information) to the attorney from whom I received such information.

///

///

I declare under penalty of perjury under the laws of the State of California that I have read, understood, and agreed to be bound and abide by the terms of this Nondisclosure Agreement, and that the foregoing is true and correct to the best of my knowledge.

Dated: _____

Name _____

Signature _____

Employer _____

Address _____

_____

- 11 -
STIPULATION AND [PROPOSED] ORDER RE TREATMENT OF CONFIDENTIAL INFORMATION
Case No.: CV 09-995