United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ING BANK, fsb,

       Plaintiff,

       v.

CHANGSEOB AHN and SOOKHEE AHN,

       Defendants.

CHANGSEOB AHN and SOOKHEE AHN,

       Counterclaimants,

       v.

ING BANK, fsb and BONA FINANCIAL GROUP, Inc.

       Counterdefendants.

NO. C09-00995 TEH

ORDER GRANTING COUNTERCLAIMANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the motion for summary judgment filed by Defendants and Counterclaimants Changseob Ahn and Sookhee Ahn ("the Ahns"). The Court, finding oral argument unnecessary, VACATES the motion hearing currently scheduled for May 17, 2010.[1] This motion requires the Court to resolve a single question: whether Counterdefendant Bona Financial Group, Inc. ("Bona") violated California Civil Code section 1632 by failing to furnish the Ahns with a Korean translation of a loan agreement that had been negotiated entirely in Korean. For the reasons set forth below, the

---

[1] The matter remains on calendar for a case management conference at 10:00am.

Court answers that question in the affirmative, and the Ahns' motion is therefore GRANTED.

**BACKGROUND**

In 2007, the Ahns refinanced two mortgages on their single-family house at 2917 Spanish Bay Drive in Brentwood, California with a loan from Plaintiff and Counterdefendant ING Bank, FSB ("ING"). They negotiated the loan with Bona, a loan broker, and had no direct contact with ING during the negotiation. Negotiations were conducted in Korean between the Ahns and Kathy Park, a loan officer with Bona. Korean is the Ahns' first language; they chose Bona as their loan broker because of its Korean-language capabilities. On April 27, 2007, the Ahns executed an adjustable rate note for $728,000 in favor of ING, secured by a deed of trust on the property. The loan documents were all in English, and no Korean translations were provided.

The Ahns ceased making loan payments in October 2008, and went into default. ING filed suit on March 6, 2009, alleging that the Ahns made fraudulent misrepresentations in their loans applications by overstating their income and declaring an intent to reside in the house as their principal residence when they meant in fact to "flip" the house for a profit.[2] The loan documents listed the Ahns' joint monthly income as $14,600, or $175,200 annually. ING alleges that their true income was less than 60 percent this amount in 2006, and less than half the stated amount the following year.

The Ahns filed a counterclaim against ING and Bona on May 15, 2009, alleging violations of California Civil Code section 1632 and California's unfair competition law. Although the Ahns admit that their income was misstated, they claim that Bona inflated their income on the loan documents after receiving accurate income disclosures from the Ahns. They also allege that Bona violated section 1632 by failing to provide them with Korean-language translations of the loan documents.

---

[2] ING filed a first amended complaint on March 20, 2009, which is the currently operative complaint.

2

1   The Ahns moved for summary judgment on January 20, 2010, on the limited question
2 of whether Bona violated California Civil Code section 1632. After continuing the motion
3 hearing to allow for settlement negotiations, the parties stipulated to a May 17, 2010 hearing
4 date. The Court has vacated that hearing and now considers the motion on the papers.

**LEGAL STANDARD**

7   Summary judgment is appropriate when there is no genuine dispute as to material
8 facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).
9 Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby,*
10 *Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is
11 sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The
12 Court may not weigh the evidence and must view the evidence in the light most favorable to
13 the nonmoving party. *Id.* at 255.

14   A party seeking summary judgment bears the initial burden of informing the court of
15 the basis for its motion, and of identifying those portions of the pleadings and discovery
16 responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v.*
17 *Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at
18 trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than
19 for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).
20 However, on an issue for which its opponent will have the burden of proof at trial, the
21 moving party can prevail merely by "pointing out . . . that there is an absence of evidence to
22 support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets
23 its initial burden, the opposing party must then "set out specific facts showing a genuine
24 issue for trial" to defeat the motion. Fed. R. Civ. P. 56(e)(2); *Anderson*, 477 U.S. at 256.
25 Questions of law are "suitable to disposition on summary judgment." *Thrifty Oil Co. v. Bank*
26 *of Am. Nat'l Trust & Sav. Ass'n*, 310 F.3d 1188, 1194 (9th Cir. 2002).
27 //
28 //

3

**DISCUSSION**

California Civil Code section 1632 requires "[a]ny person engaged in a trade or business who negotiates primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, orally or in writing," to provide the other party to the agreement with "a translation of the contract or agreement in the language in which the contract or agreement was negotiated." Cal. Civ. Code § 1632(b). Section 1632 applies only to the negotiation of certain types of contracts and loans. *See id.* § 1632(b)(1)-(7). Although loans secured by real property are generally excluded from the statute, *id.* § 1632(b)(2), real property loans negotiated by a broker and "for use primarily for personal, family or household purposes" are covered, *id.* § 1632(b)(4) (extending statute's protection to loans subject to section 10240 of the California Business and Professions Code, which includes real property loans negotiated by real estate brokers); *see also Alvara v. Aurora Loan Servs., Inc.*, No. C09-1512 SC, 2009 U.S. Dist. LEXIS 50365, at *9-10 (N.D. Cal. June 15, 2009) ("Put simply, real property transactions are excluded by Section 1632(b)(2), but brought back into the statute by Section 1632(b)(4), so long as they are negotiated by a broker.").

Bona does not dispute that the transaction was negotiated by a broker in Korean, and acknowledges that the Ahns were not provided Korean-language translations of the loan documents. Section 1632 is therefore applicable here. However, Bona attempts to invoke an exception for loans negotiated through an interpreter. Section 1632 "does not apply to any person engaged in a trade or business who negotiates primarily in a language other than English" if "the party with whom he or she is negotiating . . . receives a loan or extension of credit, . . . [and] negotiates the terms of the contract, lease, or other obligation through his or her own interpreter." Cal. Civ. Code § 1632(h). To qualify as an interpreter, one must be "able to speak fluently and read with full understanding both the English language" and the language in which the contract was negotiated. *Id.*

Bona presents evidence of Mr. Ahn's fluency in English – including an excerpt from his Ph.D. dissertation in English and deposition testimony regarding his interest in simultaneous English-Korean translation – to argue that the interpreter exception applies

4

here. However, a party's fluency in English is irrelevant to section 1632, which makes no reference to a party's English-language proficiency. Section 1632 is triggered by the language in which a contract is negotiated, and applies here because the refinancing was negotiated in Korean. The interpreter exception requires one to act as an interpreter – i.e. to translate "from one language to another." Black's Law Dictionary 838 (8th ed. 2004). However, there is no evidence that Mr. Ahn acted as an interpreter. To the contrary, the Ahns and Park attested that the negotiations occurred entirely in Korean, facts to which Bona has stipulated.

The Ahns have carried their burden for summary judgment, and Bona has failed to show a genuine issue for trial regarding its violation of section 1632. Bona's evidence demonstrates Mr. Ahn's high degree of proficiency in English, but not his service as an interpreter. If the California legislature had sought to create exceptions to section 1632 based on a party's fluency in English, it could have done so. The fact that Mr. Ahn may be fluent in English is of no consequence where – as here – the negotiations occurred in Korean and he did not act as an interpreter. Bona's failure to provide Korean-language translations of the loan documents therefore violated section 1632.

## CONCLUSION

As the Court finds that Bona violated section 1632 of the California Civil Code, the Ahns' motion for summary judgment on this narrow question is therefore GRANTED. The parties shall appear for case management conference on **Monday, May 17, 2010, at 10:00am**.

**IT IS SO ORDERED.**

Dated:   5/13/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

5