IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ING BANK, fsb, <br><br>     Plaintiff, <br><br>  v. <br><br>CHANGSEOB AHN, et al., <br><br>     Defendants. <br><br>CHANGSEOB AHN and SOOKHEE AHN, <br><br>     Counterclaimants, <br><br>  v. <br><br>ING BANK, fsb, <br><br>     Counterdefendant. | NO. C09-995 TEH <br><br>ORDER RE: SPECIAL MASTER'S FEES |

  On September 22, 2010, this Court issued an order appointing Edward Swanson, Esq., of Swanson & McNamara, LLP, as Special Master to supervise and preside over all remaining discovery. The order set the Special Master's hourly fee at $500.00, and gave the Special Master discretion to allocate and assess the payment of his fees among the parties. The order followed a hearing on September 20, 2010, in which the Court notified the parties that he intended to appoint a Special Master, and that the Special Master would have discretion to apportion costs among the parties. At no time did either party or their counsel object to this arrangement on the basis of ability to pay. The Special Master's duties are now complete.

1   On November 16, 2010, the Special Master notified Defendants Changseob Ahn and
2   Soohkee Ahn ("the Ahns") that they owe $1,575 for his services. Kit Knudsen, counsel for
3   the Ahns, responded by e-mail the same day. His clients cannot pay, he wrote. He explained:

> You may already know that we have been handling the Ahns' defense on a pro-bono basis since they were sued by ING in 2008. We are working very hard to keep them and their three adolescent children out of bankruptcy. The ING mortgage delinquency on the Ahns' credit record has made credit unavailable to them.

As far as the Court is aware, this is the first communication by the Ahns or their counsel indicating they cannot afford to pay the Special Master's fees.

Rule 53 of the Federal Rules of Civil Procedure requires the Court to fix the compensation of special masters. When communicating with the Court about this or any other matter, counsel owes a duty of candor. California law makes it a misdemeanor to intentionally mislead or deceive a judge, conduct that is also proscribed by the state's rules of professional conduct. Cal. Bus. & Prof. Code § 6128; Cal. R. Prof. Conduct 5-200. A State Bar of California committee has held that silence violates the duty of candor under some circumstances. This is true even where an attorney owes a simultaneous duty of confidentiality to the client. As the committee explained,

> [i]f the attorney's silence appears to be relied upon by the court as an affirmation . . . , the attorney is obligated by the duty of candor to inform the court that the silence is not intended as an affirmation, and that it is not appropriate for the attorney to comment further.

Ca. Eth. Op. 1986-87, 1986 WL 69067 (Cal. St. Bar. Comm. Prof. Resp.).

Grave concerns regarding Defendants' counsel's conduct during past depositions urged the Court to appoint a Special Master in this case. Appointing a Special Master is an extraordinary measure. Even more extraordinary, however, is Defendants' counsel's persistent silence on the question of his clients' ability to pay the Special Master's fees. This silence broke only after the Special Master had completed his duties on the parties' behalf.

By the terms of the Court's September 22 order, the Special Master's fees must be paid within ten calendar days of assessment, unless excused by the Special Master or this

2


Court. The deadline for payment, therefore, is November 26, 2010. If the Special Master's fees are not paid or resolved by that date, this Court will issue an order to show cause inquiring into the conduct described above, including the conduct which prompted the appointment of the Special Master.

**IT IS SO ORDERED.**

Dated: 11/19/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT